KATHERINE SEINNER, RESPONDENT, v. PUBLIC SERVICE
CO-ORDINATED· TRANSPORT, APPELLANT.

Submiteed February 14, 1930—Decided October 20, 1930.

For the appellant, *Henry H. Fryling* and *Harold F. Dorgeval*.

For the respondent, *Aaron L. Simon*.

The opinion of the court was delivered by

DONGES, J.   Plaintiff sued to recover damages for injuries sustained whilst a passenger in defendant's bus.   The case was tried before Judge Porter at Passaic Circuit and resulted in a verdict for plaintiff.

The proofs tended to show that the bus in which plaintiff was seated was proceeding in a westerly direction on Outwater lane, in Garfield, and was approaching Prospect street, which entered Outwater lane from the north and dead-ended there;   that another bus, not the property of or operated by defendant, proceeded southerly on Prospect street and turned westerly into Outwater lane;   that the street was wet;   that defendants' bus was traveling at a speed of from ten to twenty miles an hour down hill;   that the operator of defendant's bus applied the brakes with such suddenness and violence that

the bus skidded to the right, the wheels striking the gutter, and plaintiff was thrown out of her seat and to the floor of the bus.

Appellant writes down thirteen grounds of appeal.

Grounds Nos. 1 and 2 deal with the refusal of the trial judge to nonsuit and to direct a verdict for defendant.

The trial judge was obliged to submit the case to the jury if there was testimony from which the jury might conclude that defendant's servant was guilty of negligence.

The testimony was that the bus was proceeding down hill, on a wet, slippery street, at from ten to twenty miles an hour; that the bus on Prospect street was observed turning into Outwater lane, by the witness Leslik, when defendant's bus was about two hundred feet away from Prospect street; that defendant's driver did nothing to check the speed of his bus until he was fifty feet away and then he jammed his emergency brake on, and then "the bus went out into the gutter and the rear wheel hit the gutter."

Appellant urges that its driver was confronted with an emergency, and that he acted with reasonable prudence in the situation to protect his passengers. On this question the witness Leslik testified on cross-examination as follows: "*Q.* If the Public Service bus continued ahead would there have been a collision? *A.* No. * * * There never could be a collision. The other bus was already out when he applied his ·brakes." That is to say, the bus turning from Prospect street into Outwater lane had completed the turn into Outwater lane when defendant's bus was still fifty feet away, and when the other bus began to make the turn into Outwater lane defendant's bus was about two hundred feet away.

Our review is limited to a consideration of the question whether there is evidence which, if believed, would be sufficient to establish the liability of the defendant to answer for plaintiff's injury. Upon error, the weight of the testimony cannot be considered. A jury question was presented by the evidence, and there was no error in the court's refusal to grant the motion for nonsuit or to direct a verdict for defendant.

Grounds of appeal Nos. 8, 9, 10, 11 and 12 challenge the correctness of the court's charge to the jury on the question of liability.

We have carefully considered the objections raised and conclude that the charge of the court was free of harmful error and fairly submitted the question of negligence.

Ground of appeal No. 4 challenges the propriety of the admission of the testimony of plaintiff's daughter, Ethel, that another daughter, Grace, turned over the sum of $70 monthly to the plaintiff. This testimony appears to have been admitted without objection, although its repetition was objected to. In any event, it appears to have been within the knowledge of the witness and admissible.

Ground No. 5 challenges the propriety of permitting plaintiff to recover the amount she lost by keeping her daughter, Grace, at home to care for her, during which time plaintiff lost the amount of Grace's earnings. In view of the proofs, the instruction complained of is unobjectionable.

Ground No. 6 challenges the propriety of the action of the trial judge in submitting to the jury the right of plaintiff to recover the sum of $12 per week to be paid to a Mrs. Vores for her care of the plaintiff. The court properly charged the jury that only actual reasonable expenditures for such service could be allowed.

Ground No. 7 relates to what the court said to the jury as to the permanency of the plaintiff's injury. In this connection he was merely stating the claim of plaintiff. By proper instruction he left the question of the extent of plaintiff's injury to the jury.

Ground No. 8 assigns as error the ruling of the trial judge permitting a medical witness to answer a hypothetical question alleged to embody less than all of the pertinent facts. The fact appears to be otherwise. The witness was asked to answer the question from the result of his personal examination as well as from the facts testified to. We are of opinion that the question was unobjectionable.

Upon these objections to the courts rulings on evidence and the charge to the jury, we are unable to discern any harmful

error. Under section 27 of the Practice act of 1912, no judgment shall be reversed unless it appear there was error that injuriously affected the substantial rights of the appellant.

The last point brings up the ruling of the trial judge on the offer by defendant below of a part of the answer to interrogatories propounded by defendant to plaintiff, to which offer plaintiff objected.

Defendant propounded ten questions to plaintiff, all of which were answered. Defendant insisted below and urges here that it could offer any part or all of the answers as it chose, and that it need not put in evidence all of the plaintiff's answers to the interrogatories. The trial judge ruled that the answer in its entirety was admissible, when offered by defendant, but that less than the entire answer was not receivable in evidence over plaintiff's objection.

With this view we agree. Section 140 of the Practice act (*Comp. Stat.*, *p.* 4097) provides that after issue, "either party may serve on the adverse party, * * * written interrogatories upon any matter material to the issue, and written answers to the same under oath shall be served in ten days after service; the answers shall be strictly responsive," and further, "the answer shall be evidence in the action if offered by the party proposing the interrogatories, but not otherwise." It gives the court power to strike out, amend or require new interrogatories to be proposed and to order or permit the answers to be amended. It is within the control of the parties to limit the interrogatories to material questions and the answers to responses thereto. The appellant urges that the statute permits the proposer to offer such answers as he chooses, and argues that otherwise the adverse party may require him to put in evidence self-serving declarations, prejudicial to the party offering them. But this is not so. The interrogatories are limited to matter material to the issue, the answers are to be "strictly responsive," and both the interrogatories and answers are subject to control of the court and may be stricken out or amended, if not proper.

The provision with respect to the offer in evidence designates the response of the party interrogated as "the answer."

It seems clear from the language used that the responses are deemed to be a single paper, and that it is to be physically put in evidence, if offered by the party proposing the questions. From earliest times this paper has been referred to in the singular number as an "answer." It seems clear, therefore, that the statute contemplates the introduction of the whole answer, unless the parties otherwise agree.

The cases of *Cetofonte* v. *Camden Coke Co., 78 N. J. L.* 662, and *Beakly* v. *Freeholders, 81 Id.* 637, are not to the contrary. In those cases the court held that the action of the trial judge in permitting the answers to one or more questions to be read, under the circumstances in those cases, did not constitute harmful error.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, WELLS, JJ. 15.

*For reversal*—None.