IRA J. KATCHEN, PLAINTIFF-APPELLEE, v. FREDERICK C. HILL AND HILL GASOLINE COMPANY, INCORPORATED, A CORPORATION, DEFENDANTS-APPELLANTS.

Submitted January 18, 1938—Decided May 17, 1938.

Before Justices CASE, DONGES and PORTER.

For the plaintiff-appellee, *Snyder, Roberts & Pillsbury* (*John M. Pillsbury,* of counsel).

For the defendants-appellants, *Edward F. Juska* (*Sidney Alpern,* of counsel).

The opinion of the court was delivered by

PORTER, J.   The suit is in replevin to recover a lunch wagon.   The District Court judge sitting without a jury found for the plaintiff.   The defendants on appeal raise the question of the character of the property in dispute, claiming it to be real and not personal, and consequently not subject to replevin.   Another ground is that there was lacking proof of title into plaintiff, and error in refusal to allow in evidence proof of title in one of the defendants.   The question of whether the lunch wagon was, in fact, real or personal property was raised below, and considerable testimony heard.

Full description was given of it, the nature of its annexation to the freehold, the uses to which it was put, the intention of the various parties interested in it at various times as owners and mortgagees, were all fully gone into.

There was an abundance of proof before the court also as to the right to possession of the plaintiff. We do not consider the weight of the testimony; that was the function of the trial court. Our review is limited to a consideration of the question of whether or not there was evidence which, if believed, sustains the verdict. *Seinner* v. *Public Service Co-ordinated Transport*, 107 *N. J. L.* 159. The rejection of proof of title of the property in one of the defendants was proper. This evidence consisted of a bill of sale from the owner of the land, upon which the wagon stood, to the defendant Hill Gasoline Company, Incorporated. It appeared that the owner has distrained for rent and claimed title to the wagon by sale by the constable to him in those proceedings. The proof was barren of any rent obligation or privity between the parties concerning same. The collateral attack thus attempted on the plaintiff's title was properly excluded. Under the facts and circumstances disclosed, it was immaterial and irrelevant as to what the owner of the land, not a party to the litigation, may have done because of any rent claim he may have had with any third party.

The judgment will be affirmed, with costs.